[No. 3047–2.   Division Two.   October 6, 1978.]

THE STATE OF WASHINGTON, *Respondent,* v. HAROLD L. GALLAUHER, *Appellant.*

*Richard L. Shaneyfelt,* for appellant (appointed counsel for appeal).

*William E. Howard, Prosecuting Attorney,* for respondent.

REED, A.C.J.—Defendant Harold L. Gallauher appeals from a conviction for attempted first–degree theft. The single issue is whether the State has a duty to take steps to prevent a suspect from destroying allegedly exculpatory evidence. We hold that the State has no such duty and therefore affirm the conviction.

Gallauher entered a record–size salmon in the Port Townsend Salmon Derby, August 21, 1976. Derby officials had the salmon examined by marine biologists because it appeared to be unusually deteriorated. The fish had lost a good portion of its scales, its flesh was "extremely limp" and "bleached out," its gill tissues and peritoneal lining had begun to decompose, and its eyeballs were much drier than those of other salmon turned in that day. The biologists concluded the fish had been caught at least 4 days before the derby.

Derby officials disqualified Gallauher's fish, which otherwise would have won the $2,000 first prize. The next day a marine biologist explained to Gallauher why his fish had been disqualified, and the derby officials returned the fish to him. Gallauher protested and threatened to file a civil suit to claim the prize. He visited a lawyer but never filed suit.

About 2 weeks later, on September 2, 1976, the Jefferson County Prosecutor drew up an information, charging Gallauher with attempted first–degree theft, RCW 9A.56-.030(1)(a) and RCW 9A.28.020(1). He filed the information on September 9, 1976, and served it on Gallauher about September 15, 1976.

Gallauher meanwhile had smoked the salmon about September 10, apparently before he knew a criminal investiga-

tion was focused on him. Smoking the fish precluded further testing as to the fish's freshness.

At trial Gallauher made a motion in limine to exclude testimony of the State's witnesses who had examined the salmon. He argued that the police and prosecutor had violated his due process rights under the state and federal constitutions by failing to seize the fish or at least to notify him of their investigation before he smoked the fish. He claimed this prevented him from presenting evidence of his own regarding the fish. The motion was denied and Gallauher was convicted.

CrR 4.7(a)(3) and (4) (cited by neither party) require the prosecutor to disclose to the defense any material or information within his knowledge, possession or control which tends to negate the defendant's guilt. Even before the defense requests discovery, the State has a duty to preserve evidence, if there is a "reasonable possibility" it would be material and favorable to the defense. *State v. Wright,* 87 Wn.2d 783, 789–90, 557 P.2d 1 (1976). Government destruction of such evidence violates due process "irrespective of the good faith or bad faith of the prosecution." *Brady v. Maryland,* 373 U.S. 83, 87, 10 L. Ed. 2d 215, 83 S. Ct. 1194 (1963); *State v. Wright, supra* at 787. *See also State v. Haynes,* 16 Wn. App. 778, 559 P.2d 583 (1977). A major purpose of the preservation rule is to insure full disclosure of all relevant evidence, the bulk of which often is in government investigator's hands. *United States v. Bryant,* 439 F.2d 642, 644 (D.C. Cir. 1971); *State v. Wright, supra* at 788.

The *Wright* preservation rule does not apply to Gallauher's situation for several reasons. First, the facts here are distinguishable from those of *Wright.* In *Wright,* the State seized clothing and bedding found with a murder victim and destroyed them several days later without telling the defendant, who was in custody and unrepresented by counsel. The defendant's conviction was reversed because

the destroyed items might have connected any one of three other known individuals to the murder. The defendant listed nine ways the evidence destroyed by the government might have been useful to the defense. *State v. Wright, supra* at 790–91. Here, there has been no showing that the State disposed of the evidence. It was Gallauher, not the prosecutor, who smoked the fish. The prosecutor neither controlled nor possessed the fish, nor did he have specific knowledge tending to negate Gallauher's guilt. The record reveals no evidence of bad faith in the prosecutor's delay in filing charges.

Second, *Wright* requires the defendant to show some reasonable possibility that the evidence destroyed would be material and favorable to the defense. *See State v. Weygandt,* 20 Wn. App. 599, 603, 581 P.2d 1376 (1978). Gallauher makes no showing, except for his own statement, that further testing of the salmon would have been material and favorable to his defense. All the other witnesses' testimony on the issue supports the conclusion that the fish had been dead too long to have been caught during the salmon derby. Even the defendant's own words are belied by his inaction; presumably he would have had his fish examined by independent experts if he genuinely believed the fish merited a $2,000 first prize. Gallauher apparently thought better of testing the salmon when he abandoned his threat of a civil suit.

Third, a strict reading both of CrR 4.7 and *Wright* reveals that the duty to preserve and disclose favorable evidence runs to formal defendants only, not to mere suspects in criminal investigations. Gallauher's fish was in the smokehouse before he could be served with the information. He cites no authority requiring police and prosecutors to notify suspects that they are being investigated; it would be even more unreasonable to require that suspects be asked to save evidence for a possible criminal trial.

In sum, neither *Wright* nor CrR 4.7 applies to this case because (1) the State never seized, examined or disposed of

the evidence which the defendant had in his possession; (2) there was no showing the missing evidence would have been favorable to defendant; and (3) the defendant himself disposed of the evidence before any charges were filed against him.

We hold that before filing charges the State had no due process duty to take steps to prevent the defendant from disposing of his own allegedly favorable evidence.

The judgment is affirmed.

PETRIE and SOULE, JJ., concur.

Reconsideration denied November 6, 1978.

Review denied by Supreme Court February 16, 1979.